**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA CARTER,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>            Defendant. | NO. EDCV 07-00594 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Jaime R. Robinson ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying his applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). Alternatively, he asks for a remand. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404,

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

        Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

  (4)  Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

  (5)  Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff contends that the ALJ failed to properly consider the type, dosage, effectiveness, and side effects of Plaintiff's medications. (Jt. Stip. at 3).  This Court agrees and therefore remand is required.

    **A.**    <u>**The ALJ Failed To Consider The Effect of Plaintiff's Medications On Her Ability To Work**</u>

When an ALJ evaluates a claimant's limitations, he must consider evidence regarding the side effects of medications.  Social Security Ruling 96-7p indicates that the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" should be considered in the disability evaluation.  <u>See</u> <u>also</u> 20 C.F.R. § 404.1529(c)(3)(iv); 416.929(c)(3)(iv). The Ninth Circuit has observed that an ALJ must "consider all factors that might have a significant impact on an individual's ability to work."  <u>Erickson v. Shalala</u>, 9 F.3d 813, 817 (9th Cir. 1993)(citing <u>Varney v. Secretary of HHS</u>, 846 F.2d 581, 585 (9th Cir. 1987)).  Such factors "may include side effects of medications as well as subjective evidence of pain."  <u>Erickson</u>, 9 F.3d at 818.

Plaintiff suffered a significant work injury to her neck on March 11, 2000.  (AR 168).  She underwent a surgical fusion at C4-5 for this injury.  (<u>Id.</u>).  In August 2003, she was involved in an automobile accident.  She injured her neck, left shoulder and low back.  (AR 167).

She underwent therapy and other conservative treatment, but the pain continued. Further surgery was recommended and numerous medications were prescribed. (AR 156).

There is substantial evidence in the record documenting that Plaintiff experienced severe and continuing side effects from her medication. For example, in her July 2004 pain questionnaire, Plaintiff stated that she takes Soma, Vicodin, Celebrex, and Valium daily. (AR 74). When asked to describe the side effects, she identified the following: "nausea, sleepiness, dizzy, drowzy (sic)." (AR 75). In her June 2004 pain questionnaire, she described similar symptoms caused by her medications. (AR 77-78; see also AR 108, 121, 142, 144, 156 listing medications). During a February 2004 examination with Dr. Jay Vogel, a specialist in orthopedic surgery, she informed the doctor that she was taking Lipitor, Atenolol, Soma, Ibuprofen, Valium, Vicodin and Celebrex. (AR 168). She described her pain as "constant" and extending to her head and temples. She experiences blurred/double vision, nausea, vomiting and has difficulty swallowing. (AR 169). She also has constant shoulder and back pain. (Id.).

In her testimony, Plaintiff repeatedly stated that her medications made her "tired," "drowsy," or "sleepy." (AR 256, 266, 273-274). The reporting of these symptoms would be consistent with the quantity and type of medications Plaintiff was taking. As noted above, it is well documented in the medical records that Plaintiff was taking these medications after her August 2003 accident and that she experienced significant side effects.

In his decision, the ALJ briefly acknowledged Plaintiff's testimony regarding the side effects of her medications, but did not expressly consider the impact of these side effects on Plaintiff's ability to work. (AR 14-15). In his hypotheticals to the vocational expert, no mention was made of Plaintiff's documented side effects from her medications. As the record contains substantial evidence that Plaintiff was prescribed medications that would be likely to cause significant side effects, it was error for the ALJ **not** to expressly consider those side effects in his evaluation of Plaintiff's disability claim. Remand is therefore required.

### B. Remand Is Required To Remedy Defects In The ALJ's Decision

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038, 121 S. Ct. 628, 148 L. Ed. 2d 537 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). On remand, the ALJ must expressly consider the impact of the side effects of Plaintiff's medications on her ability to work. If necessary, the ALJ shall utilize a medical expert to testify about the symptoms that would result from Plaintiff's medications. Furthermore, the ALJ must include any limitations he finds from Plaintiff's medications in any hypothetical he poses to a vocational expert. On remand, the parties shall not be precluded from addressing any issue not resolved by this Court.

\\
\\
\\

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 31, 2008.

/S/

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[3] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."